UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DIANNE GILLIAM** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-3680** |
| **WARDEN JOHNNIE JONES** | * | **SECTION: "I"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the followings reasons, it is **RECOMMENDED** that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## PROCEDURAL HISTORY

On March 16, 1998, petitioner, Dianne Gilliam, a prisoner incarcerated in the Louisiana Correctional Institute for Women, pled guilty to the following charges and

received the following concurrently-running sentences: One count of carjacking – 13 years imprisonment; one count of attempted simple robbery – 3 years and 6 months imprisonment; one count of aggravated battery – 10 years imprisonment; one count of possession of stolen property valued at between $100 and $500 – 2 years imprisonment; and three counts of forgery – 10 years imprisonment on each count.[1] Thereafter, petitioner had five days within which to file a motion for an appeal in connection with her convictions and sentences. *See* La. Code Crim. P. art. 914.[2] Petitioner, however, made no effort to seek a direct appeal. As such, petitioner's conviction and sentence were rendered final on or about March 21, 1998, after the five days available to lodge an appeal expired. *See State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

On or about January 26, 2000, petitioner filed a motion to withdraw her prior guilty pleas.[3] On April 6, 2000, the state district court denied petitioner's motion to withdraw her guilty pleas.[4] However, on March 9, 2001, the state district court granted petitioner an out-of-time appeal, reasoning: "At the time the defendant was sentenced by the ad hoc judge then sitting in the division, she was not informed of the minimum sentence or the fine. She

---

[1] *See* State rec., vol. 4, p. 42; vol. 5, p. 24; and, vol. 6, p. 16.

[2] Pursuant to Acts 2003, No. 949, §1, La.C.Cr.P. art. 914 was amended to provide defendants with 30 days within which to timely appeal their conviction and/or sentence.

[3] *See* State rec., vol. 4, pp. 56-59; vol. 5, pp. 34-37; and vol. 6, pp. 25-28.

[4] *See* State rec., vol. 4, p. 16; vol. 5, p. 15; and vol. 6, p. 13.

was sentenced after the amendment which required the trial court to state statutory minimums at the time of sentencing."[5]

On January 15, 2002, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's carjacking, attempted simple robbery, aggravated battery, and possession of stolen property convictions, along with two of her three forgery convictions. The court, however, vacated one of petitioner's forgery convictions, finding it violative of the constitutional prohibition against double jeopardy. *See State v. Gilliam*, 807 So.2d 1024, 1028-29 (La. App. 5 Cir. 2002). Less than a year later, on November 1, 2002, the Louisiana Supreme Court denied petitioner's writ application. *See State v. Gilliam*, 828 So.2d 562 (La. 2002).

After unsuccessfully seeking from the state district court a reduction of her 13-year sentence,[6] petitioner, on July 7, 2005, filed the instant action for federal habeas relief.[7]

---

[5]*See* State court, vol. 4, p. 103; vol. 5, p. 77; and vol. 6, p. 29.

[6]On or about February 3, 2003, petitioner submitted a letter to the district judge seeking a reduction of her sentence. *See* State rec., vol. 1, tab 4; vol. 2, tab 6; and vol. 3, tab 8. On February 10, 2003, the district judge denied petitioner relief based upon procedural grounds. *See* State rec., vol. 1, tab 5; vol. 2, tab 7; and vol. 3, tab 9.

[7]*See* Federal rec., doc. no. 1. This July 7, 2005 filing date was ascertained via the court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he or she delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned habeas corpus application over to prison officials for delivery to this Court on the date application was signed); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date petition was signed).

In its response, the State argues that petitioner's habeas application should be dismissed as time-barred. For the following reasons, this court agrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[8]  *See* 28 U.S.C. § 2244(d)(1) (West 2007), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's time for seeking review expired on or about March 21, 1998. Thus, petitioner had a year from March 21, 1998, or until March 21, 1999, to timely seek federal habeas corpus relief.

Petitioner did not file the instant action until July 7, 2005, almost six years after her limitation period expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[8]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

In this case, petitioner did not seek any relief in connection with her March, 1998 convictions and sentences until January, 2000, when she filed a motion to withdraw her guilty pleas. At that point, her prescriptive period under the AEDPA had already expired. Thus, the instant action is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001) (*quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (*citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Clearly, in the instant matter, petitioner cannot properly be categorized as diligent in her pursuit of relief. Petitioner waited almost two years, until January 26, 2000, to seek relief in the form of a motion to withdraw her March 16, 1998 guilty pleas. Further, after her motion for a reduction of sentence was rejected by the state district court on February 10, 2003, petitioner waited over three years, until July 7, 2005, before again seeking relief in the form of the instant habeas corpus petition.

Additionally, the fact that petitioner, on March 9, 2001, was granted an out-of-time appeal, provides no basis to support a finding that petitioner's prescriptive period has not expired.  It is well-established that when an "out of time appeal" is granted, the proceeding which ensues is considered to be a collateral review proceeding, rather than a direct review proceeding.  *See Salinas v. Dretke*, 354 F.3d 425, 430 (5th Cir. 2004); *Soileau v. Cain*, 2005 WL 1629945, *3-4 (W.D. La. 2005).  "'[N]othing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action.'  *Salinas,* 354 F.3d at 429.  To the contrary, 'AEDPA provides for only a linear limitation period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between.' *Id."  Soileau*, 2005 WL at *6.  Thus, petitioner's out-of-time appeal could not properly serve to revive a federal limitations period that had already lapsed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Dianne Gilliam, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

        New Orleans, Louisiana, this  17th  day of _____April_____, 2007.

                                                  LOUIS MOORE, JR.
                                                  United States Magistrate Judge